IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| HENRY LAGMAY, #A0191119, | ) | CIV. NO. 15-00463 LEK/BMK |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING COMPLAINT |
| | ) | PURSUANT TO 28 U.S.C. |
| vs. | ) | §§ 1915(e)(2) and |
| | ) | 1915(A)(b)(1) §§ 1915 |
| MRS. SHELLY NOBRIGA, et | ) | |
| al., | ) | |
| | ) | |

## ORDER DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. §§ 1915(e)(2) and 1915(A)(b)(1) §§ 1915

Before the court is pro se Plaintiff Henry Lagmay's prisoner civil rights complaint brought pursuant to 42 U.S.C. §§ 1983 & 1985. Doc. No. 1. Plaintiff is incarcerated at the Halawa Correctional Facility ("HCF") and has paid the civil filing fee for this action. Plaintiff names eleven Hawaii Department of Public Safety ("DPS") or HCF employees and officials as defendants to this suit.[1] Plaintiff alleges that Defendants denied him access to the court, due process,

---

[1] Plaintiff names: DPS Director Nolan Espinda and Litigation Coordinator Shelley Nobriga; HCF Warden Francis Sequeira, Library staff Janice Kahlua, Marina Higgins and Mr. Hakon; Unit Team Managers Keone Morreira, Jan Ahn, and Nolan Uehara; Case Manager Mrs. Janice, and Adult Corrections Officer ("ACO") Sgt. Kuamoo.

and equal protection in violation of the First, Fifth, and Fourteenth Amendments.

Plaintiff's Complaint is DISMISSED as set forth below, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915(A)(b)(1), for failure to state a claim. Plaintiff may file an amended complaint on or before [INSERT DATE].

## I. <u>BACKGROUND</u>

### A. Plaintiff's Claims

Plaintiff alleges that Defendants conspired to deny him access to the courts, which resulted in the dismissal with prejudice of his civil proceedings in *In re: Henry Lagmay*, Civ. No. 15-00166 DKW/RLP, 2015 WL 5970667 (D. Haw. Oct. 13, 2015). Plaintiff alleges this constitutes an actual injury to his access to the court.

During the course of his litigation in *In re: Henry Lagmay*, Plaintiff alleges Defendants ignored or denied his requests to attend the law library while other inmates in different housing pods were allowed to attend. Plaintiff states that this prevented him from

making copies of his documents, and thus, amending his pleading in *In re: Henry Lagmay*, as ordered by the court.  Plaintiff alleges that all Defendants were made aware of this alleged denial of access to the court through his formal and informal grievances, which he alleges were often unanswered.  He further alleges that Defendants' actions were discriminatory and violated his rights to due process.  He seeks compensatory and punitive damages.

**B.  *In re: Henry Lagmay*, Civ. No. 15-00166 DKW/RLP.[2]**

Plaintiff filed *In re: Henry Lagmay* on May 6, 2015. *See* Civ. No. 15-00166 DKW, Compl., Doc. No. 1.  The pleading was unsigned and nearly incoherent.  It vaguely alleged a vast conspiracy against him among Mainland and Hawaii prison officials, inmates, his criminal defense attorney, state legislators, the Hawaii Attorney General's and Prosecutor's Offices, and others between 2003 and 2009, ostensibly because he was

---

[2] The court takes judicial notice of the proceedings in *In re: Henry Lagmay*, Civ. No. 15-00166 DKW, as Plaintiff's allegations here have a "direct relation" to that case.  *See Bias v. Moynihan,* 508 F.3d 1212, 1225 (9th Cir. 2007).

or is a confidential informant.  On May 15, 2015, the court dismissed the complaint with leave to amend, for Plaintiff's failure to state a cognizable claim or comply with the Federal Rules of Civil Procedure.  *Id.*, Order, Doc. No. 4.  Plaintiff was notified that he could voluntarily dismiss the action without payment or penalty if he was not prepared to proceed and was told that he must sign any amended pleading or other document that he submitted to the court.  *Id.*, PageID #13.

Plaintiff immediately began filing extraneous motions, letters, notices, exhibits, and documents that generally made little sense and were non-responsive to the court's directions and order.  *See* Doc. Nos. 5, 6, 9-12, 14, 17, 18, 20, 22-33.  The court reviewed each filing, granted Plaintiff several extensions of time to comply with its order to amend the pleadings, sent him court forms and copies of rules, explained that a failure to file a signed amended complaint would result in dismissal of his action, and answered his daily telephone calls and questions.

4

While Plaintiff continued to file non-responsive documents, he also claimed that prison officials were denying him attendance at the law library and photocopies, which he alleged was delaying his ability to file an amended pleading. *See* Doc. Nos. 36-39.

After carefully reviewing the record and Plaintiff's submissions, the court found that Plaintiff had, in fact, attended the law library and clearly had the ability to copy his pleadings and documents by photocopy requests or by hand. *See* Order, Doc. No. 40, PageID #223. Plaintiff's grievances, submitted as evidence that he was being denied law library time, actually showed that he had consistently failed to timely submit his requests for attendance, was told several times how and when to submit law library scheduling requests for the following week, and had attended the law library on occasions when he correctly submitted a request. *See id.*, PageID #223-24. The court found that Plaintiff was not complying with prison procedures and had not been denied access to the

court.  *Id.*  Plaintiff continued to submit letters and motions.  *Id.*, Doc. Nos. 41, 42, 44, 45.

On September 21, 2015, the court finally dismissed *In re: Henry Lagmay* with prejudice for Plaintiff's willful failure to prosecute or comply with the court's instructions and orders.  *See* Dismissal Order, Doc. No. 46.  Plaintiff filed four additional documents, including a motion for reconsideration and a notice of appeal.  Doc. Nos. 48-52.  The court denied reconsideration, Doc. No. 53, and the case is now on appeal.  *See* Ninth Cir. App. No. 15-17068.

Plaintiff continues to submit documents and memoranda in *In re: Henry Lagmay*, *see* Doc. Nos. 48-51, 57, 58, 65, and he recently moved in the *instant* case for an order requiring the prison to allow him to telephone the appellate court.  *See* Civ. No. 15-00463 LEK, Doc. No. 14.  Plaintiff has never submitted a signed, amended complaint in Civ. No. 15-00166 DKW.

## II.  SCREENING

The court must screen all civil actions brought by prisoners proceeding in forma pauperis or seeking

redress from a government entity, officer, or employee.
28 U.S.C. §§ 1915(e)(2) & 1915A(a).  Complaints or
claims that are frivolous, malicious, fail to state a
claim, or seek relief from a defendant who is immune
from such relief must be dismissed.  28 U.S.C.
§§ 1915(e)(2) & 1915A(b); 42 U.S.C. § 1997e(c)(1).

A complaint that lacks a cognizable legal theory or
alleges insufficient facts under a cognizable legal
theory fails to state a claim.  *Balistreri v. Pacifica
Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  To
state a claim, a pleading must contain a "short and
plain statement of the claim showing that the pleader
is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This
"demands more than an unadorned, the-defendant-
unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*,
556 U.S. 662, 678 (2009).  "[A] complaint must contain
sufficient factual matter, accepted as true, to 'state
a claim to relief that is plausible on its face.'"  *Id.*
(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570
(2007)).  To state a plausible claim, a plaintiff must
plead sufficient facts to allow "the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The court must identify "the allegations in the complaint that are not entitled to the assumption of truth," that is, allegations that are legal conclusions, bare assertions, or simply conclusory. *Id.* at 679-80. The court must then consider the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. If the allegations state a plausible claim for relief, the claim may proceed. *Id.* at 680.

Plausibility "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (internal quotation marks omitted). A court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The court is not required to "'assume the truth of legal conclusions merely because they are cast in the form of factual allegations.'" *Fayer v. Vaughn*,

649 F.3d 1061, 1064 (9th Cir. 2011) (*per curiam*) (quoting *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)).  "[C]onclusory allegations of law and unwarranted inferences are insufficient."  *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004); *accord Iqbal*, 556 U.S. at 678.

Leave to amend should be granted if it appears the plaintiff can correct the defects in the complaint. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).  When it is clear the complaint cannot be saved by amendment, however, dismissal without leave to amend is appropriate.  *Sylvia Landfield Trust v. City of L.A.*, 729 F.3d 1189, 1196 (9th Cir. 2013).

### III. <u>DISCUSSION</u>

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff "must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).

9

To state a cause of action under 42 U.S.C. § 1985(3), a plaintiff must show: (1) a conspiracy; (2) to deprive a person or class of persons of equal protection or privileges and immunities under the laws; (3) an act by one of the conspirators in furtherance of the conspiracy; and (4) a personal injury, property damage or a deprivation of any right or privilege of a citizen of the United States. *Gillespie v. Civiletti*, 629 F.2d 637, 641 (9th Cir. 1980).

Because § 1985 derives from the Thirteenth Amendment, a plaintiff must also allege "invidiously discriminatory, racial or class-based animus." *Caldeira v. Cty. of Kauai*, 866 F.2d 1175, 1182 (9th Cir. 1989); *Gillespie*, 629 F.2d at 641. If predicated on the same allegations, the absence of a deprivation of rights for a § 1983 claim precludes a § 1985 conspiracy claim. *Caldeira*, 866 F.2d at 1182.

## A. Right of Access to the Court

Plaintiff's primary claim is that Defendants denied him access to the law library and photocopier, allegedly resulting in the dismissal with prejudice of

*In re: Henry Lagmay*, Civ. No. 15-00166 DKW.  He alleges this constituted a denial of access to the court.

Inmates have a fundamental constitutional right of access to the courts.  *Lewis v. Casey*, 518 U.S. 343, 346 (1996); *Silva v. Di Vittorio*, 658 F.3d 1090, 1101 (9th Cir. 2011); *Phillips v. Hust*, 588 F.3d 652, 655 (9th Cir. 2009).  This right has been variously described as stemming from the Due Process and Equal Protection Clauses of the Fifth and Fourteenth Amendments, *see Lewis*, 518 U.S. at 367, or from the First Amendment's right to petition the government, *see Blaisdell v. Frappeia*, 729 F.3d 1237, 1243 (9th Cir. 2013).

Regardless of which constitutional guarantee protects the right, to state a viable claim for relief, a plaintiff must allege an actual injury, which requires "actual prejudice to contemplated or existing litigation."  *Nev. Dep't of Corr. v. Greene*, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing *Lewis*, 518 U.S. at 348) (internal quotation marks omitted); *Christopher v. Harbury*, 536 U.S. 403, 415 (2002); *Lewis*, 518 U.S. at

11

351; *Phillips*, 588 F.3d at 655.   That is, a prisoner must allege facts that show: (1) a nonfrivolous legal attack on his conviction, sentence, or conditions of confinement was frustrated or impeded, and (2) he suffered an actual injury as a result.   *Lewis*, 518 U.S. at 353-55.

> An "actual injury" requires the inmate to:
>
> > demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim. He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known.   Or that he suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint.

*Lewis*, 518 U.S. at 351.   An actual injury is required even in cases "involving substantial systematic deprivation of access to court," including those alleging "total denial of access to a library," or an absolute deprivation of access to all legal materials." *Id.*, 518 U.S. at 353 n.4.

12

Accepting that *In re: Henry Lagmay* was a "nonfrivolous" civil action, despite its apparent timebar and wild, conclusory allegations of conspiracy among unnamed far-flung defendants, Plaintiff fails to allege any act by any Defendant in this case that interfered with or impeded his ability to prosecute *In re: Henry Lagmay* and caused its dismissal.

Plaintiff claims that Defendant Kuamoo told other inmates to prepare for law library sessions, but he, Higgins, Kahlua, and Hakon told Plaintiff that he was not scheduled for library, or that his sessions had been rescheduled.  Plaintiff says that Defendants Uehara and Ahn failed to respond to his grievances and that the remaining Defendants knew or should have known that he was being denied access to the law library because of their supervisory positions or through his grievances.  These allegations do not show that Defendants' actions caused an actual injury to Plaintiff's prosecution of *In re: Henry Lagmay.*

First, the court told Plaintiff that he need not provide copies of his documents and should not make

legal arguments in his amended pleading, but must simply set forth his claims on a court complaint form, explain who harmed him and how, sign the amended complaint, and mail it to the court.

Second, Plaintiff's submissions in *In re: Henry Lagmay* showed that he *had* attended the law library and had received copies of his documents at times, and that he consistently failed to request law library sessions early enough to be scheduled attendance for the following week.

Third, Plaintiff was able to submit more than thirty documents in *In re: Henry Lagmay*, including a notice of appeal.  Yet he does not explain why he was unable to submit a signed amended complaint detailing the basis for his claims and clearly naming the defendants.  These filings do not support a finding that Defendants interfered with his ability to file an amended pleading in any form.

Fourth, Plaintiff admitted that his claims in *In re: Henry Lagmay* were not exhausted when he filed the complaint and would not be exhausted until September

14

30, 2015. *See In re: Henry Lagmay*, Civ. No. 15-00166 DKW, Doc. No. 44, PageID #243 (stating that Plaintiff "Will Answer In This Court Upon Exhaustion 9-30-15 Grievance Document 275959"). It is apparent from his statements, delaying tactics, and from his allegations in the present Complaint, that Plaintiff was actively grieving the claims he presents here, as support for his nonsensical claims in *In re: Henry Lagmay*, and *this* was the reason that he was "unable" to comply with the court's orders to file an amended complaint that explained the basis for his action.

The court accepted and liberally reviewed each of Plaintiff's documents in *In re: Henry Lagmay* to determine if they represented an inartful attempt to submit an amended pleading. Plaintiff was granted several extensions of time to amend and submit a signed, cognizable pleading. He was given the opportunity to voluntarily dismiss his action *before* he paid the civil filing fee if he was unprepared to go forward, as it appeared. Finally, the court concluded that Plaintiff wilfully ignored and defied its

directions and purposely impeded the prosecution of his own action.  *See* Order, Doc. No. 53, PageID #329. Defendants did not interfere or impede Plaintiff's access to the court in *In re: Henry Lagmay*. Plaintiff's own actions precipitated the dismissal of his claims.

Plaintiff fails to allege an actual injury to his right of access to the court in *In re: Henry Lagmay*, thus, he fails to state a claim and this claim is DISMISSED.

**B.   Equal Protection**

To the extent Plaintiff claims Defendants discriminated against him when they scheduled other inmates from different housing units for law library sessions but informed him that he was not scheduled or rescheduled, he fails to state a claim.

A plaintiff can state an equal protection claim in two ways.  First, he or she can allege that "defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class."  *See Barren v. Harrington*, 152 F.3d 1193,

1194-95 (9th Cir. 1998) (citing *Washington v. Davis*, 426 U.S. 229, 239-40 (1976)).

If the challenged acts do not involve a suspect classification, he or she can establish a "class of one" claim by alleging that he was "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *See Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Squaw Valley Dev. Co. v. Goldberg*, 375 F.3d 936, 944 (9th Cir. 2004), *overruled on other grounds by Action Apartment Ass'n v. Santa Monica Rent Control Bd.*,509 F.3d 1020, 1025 (9th Cir. 2007).

Plaintiff alleges no facts suggesting that Defendants intentionally discriminated against him because he is a member of a protected class, *see Thornton v. City of St. Helens*, 425 F.3d 1158, 1166 (9th Cir. 2005), or that he was treated differently than other similarly situated inmates without a rational basis, *N. Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008).  Inmates are not a

17

protected class, *Webber v. Crabtree*, 158 F.3d 460, 461

(9th Cir. 1998), Plaintiff is not similarly situated to

inmates in another housing unit, and his grievances in

*In re: Henry Lagmay* show that he failed to follow

prison procedures when he requested attendance at the

law library.

**C.   Due Process**

       To the extent Plaintiff alleges Defendants violated

his right to due process by ignoring, delaying a

response to, or denying his grievances, he fails to

state a claim.   Inmates have no separate constitutional

right to any specific procedures in a state-created

prison grievance system.   *Ramirez v. Galaza*, 334 F .3d

850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.3d 639,

640 (9th Cir. 1988); *Bullock v. Nevens*, 2015 WL

5474669, at *6 (D. Nev. Sept. 16, 2015).   "[B]ecause

inmates have no constitutional right to a prison

grievance system, the actions of the prison officials

in reviewing [the plaintiff's] internal appeal cannot

create liability under § 1983."   *Ramirez*, 334 F.3d at

860.

Further, Plaintiff cannot show that Defendants' alleged delay or denial of his grievances impeded his access to the court in *In re: Henry Lagmay*, as the grievances that he alleges were stymied were each filed *after* he commenced that action.

**D.  Supervisor Liability**

Plaintiff apparently names Defendants DPS Director Nolan Espinda, Litigation Coordinator Shelley Nobriga; HCF Warden Francis Sequeira, and possibly others, solely based on their positions within the Department of Public Safety.  Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior.  *Iqbal*, 556 U.S. at 673. "A defendant may be held liable as a supervisor under § 1983 if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Starr v. Baca*, 652 F .3d 1202, 1207 (9th Cir. 2011).

A supervisor who is informed of an alleged constitutional violation, e.g., pursuant to reviewing

19

an inmate's administrative grievance, may be liable if he failed to remedy it. *Jett v. Penner*, 439 F.3d 1091, 1098 (9th Cir. 2006). If a constitutional violation is complete, however, and a supervisory grievance reviewer is simply making a determination on whether the prison should provide a remedy for a past violation, the supervisory grievance reviewer has no part in causing the constitutional violation.

Plaintiff alleges insufficient facts for the court to infer that DPS Director Espinda, Litigation Coordinator Nobriga, or Warden Sequeira had any personal participation or knowledge of his claims while they were occurring, even if there had been a violation.

### IV. <u>LEAVE TO AMEND</u>

Plaintiff may file an amended complaint on or before **February 11, 2016**, that cures the deficiencies detailed above. An amended complaint generally supersedes the previous complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967), *overruled in part by Lacey v. Maricopa Cty.*, 693 F.3d 896 (9th Cir. 2012)

20

(*en banc*).  Thus, an amended complaint should stand on its own without incorporation or reference to a previous pleading.  Defendants not named and claims dismissed without prejudice that are not realleged in an amended complaint may be deemed voluntarily dismissed.  *See Lacey*, 693 F.3d at 928 (stating that claims dismissed with prejudice need not be repled in an amended complaint to preserve them for appeal, but claims that are voluntarily dismissed are considered waived if they are not repled).

## V.   <u>CONCLUSION</u>

(1)   The Complaint is DISMISSED for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

(2)   Plaintiff may file an amended complaint curing the identified deficiencies in his Complaint, on or before **February 11, 2016**.

(3)   The Clerk of Court is directed to mail Plaintiff a prisoner civil rights complaint form so that he can comply with the directions in this Order if he chooses to amend his complaint.

(4)  Failure to timely file an amended complaint on or before **February 11, 2016** that cures the deficiencies identified above, without good cause shown, may result in AUTOMATIC DISMISSAL of this action without further notice.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 11, 2016.



  /s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

*Lagmay v. Nobriga*, 1:15-cv-00463 LEK/BMK; scrn 2016 Lagmay 15-463 lek (ftsc acc. cts, lv amd)