IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HENRY LAGMAY, #A0191119, ) | CIV. NO. 15-00463 LEK/KJM |
| ) | |
| Plaintiff, ) | ORDER DISMISSING ACTION |
| ) | PURSUANT TO 28 U.S.C. |
| vs. ) | § 1915(A)(b)(1) |
| ) | |
| MRS. SHELLY NOBRIGA, et ) | |
| al., ) | |
| ) | |

**ORDER DISMISSING ACTION PURSUANT
TO 28 U.S.C. § 1915(A)(b)(1)**

On January 12, 2016, this Court dismissed Plaintiff's prisoner civil rights complaint brought pursuant to 42 U.S.C. §§ 1983 & 1985, for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915(A)(b)(1). *See* Order, Doc. No. 21 ("January 21 Order"). Before the court is Plaintiff's amended complaint. Am. Compl., Doc. No. 26. Plaintiff alleges Defendants[1] denied him access to the court, due process,

---

[1] Plaintiff names: Hawaii Department of Public Safety ("DPS") Director Nolan Espinda and Litigation Coordinator Shelley Nobriga; Halawa Correctional Facility ("HCF") Warden Francis Sequeira, Library staff Janice Kahlua, Marina Higgins and Mr. Hakon; Unit Team Managers Keone Morreira, Jan Ahn, and Nolan Uehara; Case Manager Mrs. Janice, and Adult Corrections Officer

and equal protection in violation of the First, Fifth, and Fourteenth Amendments.

Plaintiff's amended complaint is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915(A)(b)(1), for failure to state a claim. Because it is clear that amendment is futile, this action is DISMISSED with prejudice.

## I. BACKGROUND

### A. Plaintiff's Claims

Plaintiff first alleges that Defendants denied him access to the law library and photocopy services. He claims that this prevented him from amending his pleading in *In re: Henry Lagmay*, Civ. No. 15-00166 DKW/RLP, 2015 WL 5970667 (D. Haw. Oct. 13, 2015), which resulted in dismissal of that action with prejudice.[2] Plaintiff next alleges Defendants discriminated against him when they allowed other inmates to attend the law

---

("ACO") Sgt. Kuamoo (all Defendants named in their individual capacities only).

[2] The court takes judicial notice of the proceedings in *In re: Henry Lagmay*, Civ. No. 15-00166 DKW, as Plaintiff's allegations here have a "direct relation" to that case. *See Bias v. Moynihan,* 508 F.3d 1212, 1225 (9th Cir. 2007).

library on days that he was denied.  Plaintiff finally alleges Defendants violated his right to due process when they denied or mishandled his grievances.

**B.   *In re: Henry Lagmay*, Civ. No. 15-00166 DKW/RLP.**

Plaintiff filed *In re: Henry Lagmay* on May 6, 2015. *See* Civ. No. 15-00166 DKW, Compl., Doc. No. 1.  The pleading was not on court forms and was unsigned. Although the pleading was nearly incoherent, the court construed the pleading as seeking relief under 42 U.S.C. §§ 1983 and 1985.  Plaintiff broadly alleged that Mainland and Hawaii prison officials, inmates, his criminal defense attorney, state legislators, the Hawaii Attorney General's Office, the Honolulu City and County Prosecutor's Offices, and countless others conspired against him between 2003 and 2009, possibly continuing to the present, because he was a confidential informant.

On May 15, 2015, the court dismissed this complaint for failure to state a claim and for failure to comply with the Federal Rules of Civil Procedure.  *Id.*, Order, Doc. No. 4.  Plaintiff was granted leave to amend on or

before June 19, 2015, and given the option to dismiss the action without payment or penalty if he was not prepared to proceed. *Id.*, PageID #13.

Plaintiff filed numerous motions, letters, notices, exhibits, objections, and documents thereafter, but failed to comply with the June 19, 2015 deadline to amend. *See id., e.g.*, Doc. Nos. 5-7, 9-12, 14-18, 20, 22-33. The court extended the time to amend the pleadings twice, sent Plaintiff additional copies of court forms and federal and local rules, explained that he must sign any amended pleading, and reminded him that a failure to file a signed amended complaint could result in dismissal of his action. *See* Doc. Nos. 13, 35, 40, 43.

Plaintiff continued to delay, however, claiming that prison officials were preventing him from attending the law library or making photocopies, which he alleged impeded his ability to file an amended pleading. *See* Doc. Nos. 36-39. The court carefully reviewed the entire record and found, however, that Plaintiff did not comply with prison procedures,

4

despite being given clear instructions on how to do so by prison officials. *See* Order, Doc. No. 40, PageID #223-24. Plaintiff's exhibits showed that he had, in fact, attended the law library and received photocopies when he submitted timely requests. Consequently, the court held that Defendants were not impeding Plaintiff's ability to file an amended complaint or denying him access to the court, and warned him again to submit an amended complaint. *Id.* Plaintiff submitted more letters and motions, but he did not file an amended complaint. *See id.*, Doc. Nos. 41, 42, 44, 45.

On September 21, 2015, the court dismissed *In re: Henry Lagmay* with prejudice for Plaintiff's willful failure to prosecute or comply with the court's instructions and orders. *See* Dismissal Order, Doc. No. 46. The case is now on appeal. *See* Ninth Cir. App. No. 15-17068.

Plaintiff commenced this action on November 3, 2015.

5

## II.   SCREENING

The court must screen all civil actions brought by prisoners proceeding in forma pauperis or seeking redress from a government entity, officer, or employee. 28 U.S.C.§ 1915A(a).  Complaints or claims that are frivolous, malicious, fail to state a claim, or seek relief from a defendant who is immune from such relief must be dismissed.  28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e(c)(1).

A complaint that lacks a cognizable legal theory or alleges insufficient facts under a cognizable legal theory fails to state a claim.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  To state a claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.*

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  To state a plausible claim, a plaintiff must plead sufficient facts to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully."  *Id.* at 678 (internal quotation marks omitted).

A court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party."  *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  "[C]onclusory allegations of law and unwarranted inferences are insufficient" to state a claim.  *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004); *accord Iqbal*, 556 U.S. at 678.

Leave to amend should be granted if it appears the plaintiff can correct the defects in the complaint.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).  When it is clear the complaint cannot be saved by amendment, however, dismissal without leave to amend

is appropriate.  *Sylvia Landfield Trust v. City of L.A.*, 729 F.3d 1189, 1196 (9th Cir. 2013).

### III. <u>DISCUSSION</u>

The first twenty-two pages of the Amended Complaint are nearly identical to those pages in the original Complaint, except that Plaintiff has added notations describing his alleged losses on the margins of these claims.  *Compare* Doc. No. 1 *with* Doc. No. 26.  The following seventeen pages is comprised of rambling references to sometimes non-existent notes to the United States Code, unexplained citations to caselaw, and arguments concerning summary judgment, qualified immunity, and exhaustion of remedies.  *See* Doc. No. 26, PageID #188-206. Plaintiff has given little regard to this Court's careful instructions regarding the problems with his original statement of claims.

**A.  42 U.S.C. §§ 1983 & 1985**

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff "must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged

deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

To state a cause of action under 42 U.S.C. § 1985(3), a plaintiff must show: (1) a conspiracy; (2) to deprive a person or class of persons of equal protection or privileges and immunities under the laws; (3) an act by one of the conspirators in furtherance of the conspiracy; and (4) personal injury, property damage or a deprivation of any right or privilege of a citizen of the United States. *Gillespie v. Civiletti*, 629 F.2d 637, 641 (9th Cir. 1980).

Because § 1985 derives from the Thirteenth Amendment, a plaintiff must allege "invidiously discriminatory, racial or class-based animus." *Caldeira v. Cty. of Kauai*, 866 F.2d 1175, 1182 (9th Cir. 1989); *Gillespie*, 629 F.2d at 641. If predicated on the same allegations, the absence of a deprivation of rights for a § 1983 claim precludes a § 1985 conspiracy claim. *Caldeira*, 866 F.2d at 1182.

**B.   Right of Access to the Court**

Plaintiff's overarching claim is that Defendants denied him access to the court when they allegedly denied him law library sessions and photocopy services while he was litigating *In re: Henry Lagmay*.

Inmates have a constitutional right of access to the courts.  *Lewis v. Casey*, 518 U.S. 343, 346 (1996); *Silva v. Di Vittorio*, 658 F.3d 1090, 1101 (9th Cir. 2011); *Phillips v. Hust*, 588 F.3d 652, 655 (9th Cir. 2009).  To state a claim, a prisoner must allege that: (1) a nonfrivolous legal attack on his conviction, sentence, or the conditions of his confinement was frustrated or impeded, and (2) he suffered an actual injury as a result.  *Lewis*, 518 U.S. at 353-55.

An actual injury is defined as "actual prejudice to contemplated or existing litigation."  *Nev. Dep't of Corr. v. Greene*, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing *Lewis*, 518 U.S. at 348) (internal quotation marks omitted); *Christopher v. Harbury*, 536 U.S. 403, 415 (2002); *Lewis*, 518 U.S. at 351; *Phillips*, 588 F.3d at 655.  An actual injury is required even in cases

"involving substantial systematic deprivation of access to court," including those alleging "total denial of access to a library," or an absolute deprivation of access to all legal materials." *Id.*, 518 U.S. at 353 n.4.

First, the Amended Complaint alleges no facts showing that *In re: Henry Lagmay* was a "nonfrivolous" attack on Plaintiff's conviction, sentence, or conditions of confinement.  The complaint in that action was addressed to the Clerk of Court and the United States Attorney for the District of Hawaii.  It named no defendants, asserted no separate cause of action, made no request for relief, and was unsigned. *See* Civ. No. 15-00166 DKW, Doc. No. 1.  It alleged an undefined conspiracy beginning in approximately 2003 involving state and private Hawaii and Mainland prison officials, unnamed inmates, Plaintiff's criminal defense attorney, the City and County of Honolulu Prosecutor's Office, the Hawaii Attorney General's Office, Hawaii state representatives and senators, and

others, based on Plaintiff's alleged status as a confidential informant.

Plaintiff's claims made no sense and were largely incoherent. He provided no details explaining why these diverse individuals conspired against him, or what actions they took in further of a conspiracy. The court dismissed the pleading for failure to state a claim, and it is also objectively frivolous as well.

Moreover, Plaintiff admitted that his claims were unexhausted in *In re: Henry Lagmay*. *See id.*, Doc. No. 44, PageID #243 (stating that Plaintiff "Will Answer In This Court Upon Exhaustion 9-30-15 Grievance Document 275959"). Plaintiff has also made statements in the present action showing that he was waiting to file an amended pleading in *In re: Henry Lagmay* until he grieved the claims he presents in the present action: that Defendants were denying him access to the law library and to photocopy services.

Second, Plaintiff fails to show that Defendants' actions caused an actual injury to his ability to litigate *In re: Henry Lagmay*. The court explained to

12

Plaintiff that he should not make legal arguments and need not provide copies of his documents when filing his amended Complaint in *In re: Henry Lagmay*. He was told to simply set forth his claims on a court complaint form, explain who harmed him, when, and how, sign the pleading, and mail it to the court. Plaintiff ignored these directions and continued to submit nonresponsive documents that failed to clarify his claims, confused the issues, frustrated the court's ability to understand his claims, and impeded the timely disposition of his suit.

The court granted Plaintiff several extensions of time to amend, and he was given the opportunity to voluntarily dismiss his action *before* he paid the civil filing fee if he was unprepared to go forward, as it appeared. Based on the entire record, the court concluded that Plaintiff wilfully ignored its directions and purposely impaired the timely prosecution of his own action. *See* Order, Doc. No. 53, PageID #329. Defendants did not impede Plaintiff's access to the court in *In re: Henry Lagmay*.

Plaintiff's own actions precipitated the dismissal of his claims.

Because Plaintiff fails to allege an actual injury to his right of access to the court in *In re: Henry Lagmay*, he fails to state a claim in the present action. Amendment to this claim is futile, and it is DISMISSED with prejudice.

**C.   Equal Protection**

Plaintiff concludes that Defendants discriminated against him because other inmates in different housing units attended the law library when he was either not scheduled or was rescheduled. To state an equal protection claim, a plaintiff must allege that "defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class," *Barren v. Harrington*, 152 F.3d 1193, 1194-95 (9th Cir. 1998), or that he was "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment," *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

Plaintiff does not allege that he was denied law library sessions and photocopies because of his membership in a protected class. Nor is he similarly situated to inmates in other housing units. Moreover, Plaintiff's exhibits in *In re: Henry Lagmay* show that he attended the law library and received copies when he made proper requests, indicating that there was a rational basis for any allegedly different treatment he received. *See N. Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008). Plaintiff's equal protection claims are DISMISSED with prejudice.

**D. Due Process**

Plaintiff again fails to clarify his due process claims. If he alleges Defendants violated due process by ignoring, delaying a response to, or denying his grievances, as it appears, he fails to state a claim. Inmates have no constitutional right, that is, no protected liberty interest, in any specific procedures in a state-created prison grievance system. *Ramirez v. Galaza*, 334 F .3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.3d 639, 640 (9th Cir. 1988); *Bullock v.*

*Nevens*, 2015 WL 5474669, at *6 (D. Nev. Sept. 16, 2015). "[B]ecause inmates have no constitutional right to a prison grievance system, the actions of the prison officials in reviewing [the plaintiff's] internal appeal cannot create liability under § 1983." *Ramirez*, 334 F.3d at 860. This claim is DISMISSED with prejudice.

**E. Conspiracy Under 42 U.S.C. § 1985**

Because Plaintiff fails to state a claim under § 1983, his conspiracy claims under § 1985 fail to state a claim and are DISMISSED. *See Caldeira*, 866 F.2d at 1182.

### IV. 28 U.S.C. § 1915(g)

Plaintiff is notified that this dismissal constitutes a strike under the "three strikes" provision set forth in 28 U.S.C. § 1915(g). *Coleman v. Tollefson*, --- U.S. ----, ----, 135 S. Ct. 1759, 1764 (2015); *see also Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) (holding "dismissals following the repeated violation of Rule 8(a)'s 'short and plain statement' requirement, following leave to amend, are

dismissals for failure to state a claim under § 1915(g)").

## V. CONCLUSION

(1) The Amended Complaint is DISMISSED for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(b) & 1915A(b)(1). Because amendment is futile, this dismissal is with prejudice and without leave to amend.

(2) This dismissal shall count as a strike under 28 U.S.C. § 1915(g) unless later overturned on appeal.

(3) The Clerk is DIRECTED to enter judgment and terminate this action. Any pending motions are DENIED.

IT IS SO ORDERED.

DATED: HONOLULU, HAWAII, April 5, 2016.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

*Lagmay v. Nobriga*, 1:15-cv-00463 LEK/KJM; scrn 2016 Lagmay 15-463 lek (FAC ftsc acc. cts, lv amd)