IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HENRY LAGMAY, #A0191119,<br><br>Plaintiff,<br><br>vs.<br><br>MRS. SHELLY NOBRIGA, et al.,<br><br>Defendants. | ) CIV. NO. 15-00463 LEK/KJM<br>)<br>) ORDER DENYING PLAINTIFF'S<br>) OBJECTIONS AS CONSTRUED AS<br>) A MOTION FOR<br>) RECONSIDERATION<br>)<br>)<br>)<br>)<br>) |

**ORDER DENYING PLAINTIFF'S OBJECTIONS AS
CONSTRUED AS A MOTION FOR RECONSIDERATION**

**I. INTRODUCTION**

On April 5, 2016, the court dismissed Plaintiff's prisoner civil rights complaint and action with prejudice for failure to state a claim, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915(A)(b)(1).  *See* Order, Doc. No. 29 ("April 5 Order").  Plaintiff objects to the April 5 Order under Rule 46 of the Federal Rules of Civil Procedure.  *See* Objecting to Order, Doc. No. 31. Plaintiff states that he raises this objection before Defendants can enforce the court's judgment or execute a "Stay of Proceedings," and to "Secure; A Formal

Exception to [the April 5 Order] In (The 9th Cir. Court of Appeals) Or (U.S. Supreme Court)." *Id.*, PageID #236 (capitalization and punctuation in original).

Because the court dismissed Plaintiff's action with prejudice sua sponte under the provisions of the Prison Litigation Reform Act of 1995, and there was no trial or hearing, the court construes Plaintiff's objections as a Motion for Reconsideration brought pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. *See Hernando v. Hamamoto*, 2013 WL 6485247, at *1 SOM/BMK (D. Haw. Dec. 9, 2013) (construing motion brought under Rule 46 objecting to grant of summary judgment as motion for reconsideration). Plaintiff's Motion for Reconsideration is DENIED.

### I. LEGAL STANDARDS

**A.  Rule 46. Objecting to a Ruling or Order**

Rule 46 states:

A formal exception to a ruling or order is unnecessary.  When the ruling or order is requested or made, a party need only state the action that it wants the court to take or objects to, along with the grounds for the request or objection.  Failing to object does

> not prejudice a party who had no opportunity to do so when the ruling or order was made.

Fed. R. Civ. P. 46

**B.   Reconsideration Under Rule 59(e)**

When a ruling has resulted in final judgment or order -- as the April 5 Order did -- a motion for reconsideration that is made within twenty-eight days after entry of judgment is normally construed as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e). *Sch. Dist. No. 1J Multnomah Cty. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993).

Amending a judgment after entry is "an extraordinary remedy which should be used sparingly." *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc) (per curiam).  A Rule 59(e) motion may be granted if:

> (1) such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) such motion is necessary to present newly discovered or previously unavailable evidence; (3) such motion is necessary to prevent manifest injustice; or (4) the amendment is justified by an intervening change in controlling law.

*Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011).  In unusual circumstances, a court may consider other grounds for amending or altering a judgment under Rule 59(e).  *Id.* (allowing amendment for clerical errors).

### III.  **DISCUSSION**

Plaintiff alleges the April 5 Order shows a lack of respect for him because he is a prisoner and the victim.  *Id.*, PageID #236-38.  He moves for relief under Rule 46 to preserve his objections to the April 5 Order for an appeal to the Ninth Circuit Court of Appeals.  Rule 46 governs objections at trial and has no application here.  *Hernando*, 2013 WL 6485247, at *1.

To the extent it was meant as a Motion for Reconsideration, Plaintiff provides no argument justifying reconsideration of the April 5 Order and the court discerns none.  Plaintiff raised the same claims he raises in this action in Civ. No. 15-00166 DKW/RLP, where they were carefully considered and denied.  *See id.*, Doc. No. 40.  When Plaintiff raised the same claims in this action, the court again reviewed

Plaintiff's claims, determined they failed to state a cognizable claim for relief, and dismissed them with leave to amend. Order, Doc. No. 21 (dated Jan. 12, 2016). Plaintiff filed an amended complaint without regard to the court's previous two explanations why the claims were insufficient to state a claim. Am. Compl., Doc. No. 26. The court reviewed his claims in the Amended Complaint de novo, determined that the amended pleading did not cure the defects set forth in its previous order, and dismissed the Amended Complaint with prejudice on April 5, 2016. Doc. No. 29. Plaintiff has therefore been given three opportunities to present these claims to the court, and after thoughtful consideration, they were repeatedly denied.

Plaintiff raises no newly discovered and previously unavailable evidence, fails to identify manifest errors of law or fact or an intervening change in law, and details no facts showing manifest injustice in this court's decision to dismiss this action with prejudice. Therefore, Plaintiff fails to persuade the court to reconsider its April 5 Order. *See Hele Ku KB, LLC v.*

*BAC Home Loans Serv.*, 873 F. Supp. 2d 1268, 1289 (D. Haw. 2012).

## IV.  CONCLUSION

Plaintiff's Objections to the April 5 Order, construed as a Motion for Reconsideration, are DENIED. Plaintiff may raise his objections to the Ninth Circuit Court of Appeals.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, May 10, 2016.



 /s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

*Lagmay v. Nobriga*, 1:15-cv-00463 LEK/KJM; Recon 2016 Lagmay 15-463 lek